UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN CHAPMAN,

          Plaintiff,

    v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

          Defendant.

Case No. 3:15-cv-05940-RJB

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff Martin Chapman seeks review of the denial of his application for social security income ("SSI") benefits. Plaintiff contends that the administrative law judge ("ALJ") erred in evaluating plaintiff's severe impairments, the medical evidence, plaintiff's credibility, and plaintiff's ultimate disability based on grid rule 201.09. Dkt. 12 at 2. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an immediate award of benefits.

**BACKGROUND**

On November 9, 2010, plaintiff filed an application for SSI benefits, alleging disability as of that date. Dkt. 10, Administrative Record ("AR") 695. Plaintiff's application was denied initially and on reconsideration. *Id*. After a hearing and an unfavorable decision, plaintiff appealed to this Court. *Id*. This Court remanded the case for a new hearing. *Id*. After the ALJ

ORDER - 1

conducted a second hearing on August 20, 2015, the ALJ issued a decision finding plaintiff not disabled. AR 695-712.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since November 9, 2010, the application date.

**Step two:** Plaintiff has the following severe impairments: status post surgery for rotator cuff repair and arthritis of the left shoulder, depression versus dysthymic disorder, pain disorder, attention deficit hyperactivity disorder versus borderline intellectual functioning, and amphetamine dependence in remission.

**Step three:** Plaintiff's impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff has the ability to perform light work, except he can lift and carry 20 pounds occasionally and ten pounds frequently with the right arm, with the left arm used for assistance only. He can stand and/or walk about six hours in an eight-hour workday with regular breaks and sit about six hours in an eight-hour workday with regular breaks. He can perform pushing and pulling within the above exertional limits with the right arm and his lower extremities but not with the left arm. He has an unlimited ability to climb ramps and stairs, but should never climb ladders, ropes, or·scaffolds. He can frequently balance and has no limitations in his ability to stoop, kneel, and crouch. He can never crawl. He should not reach overhead or work overhead. He can understand, remember, and carry out simple routine tasks with occasional, superficial contact with coworkers and supervisors and no contact with the general public.

**Step four:** Plaintiff has no past relevant work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that plaintiff can perform, plaintiff is not disabled.

*See* AR 697-712. It does not appear from the record that the Appeals Council assumed jurisdiction of the case. *See* 20 C.F.R. § 416.1484.[3]

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER - 2

**DISCUSSION**

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

**I.     Medical Evidence**

Plaintiff asserts that the ALJ erred in assessing the medical evidence in the record. *See* Dkt. 13 at 2-9. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When a treating or examining physician's opinion is contradicted, that opinion "can only

be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *Id*. at 830. An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Id*. at 830-31.

          **a. Dr. Bellum**

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence for discounting the opinion of treating physician Venugopal Bellum, M.D. *See* Dkt. 12 at 13-14. The Court agrees.

On March 30, 2012, Dr. Bellum completed a functional assessment of plaintiff. *See* AR 659-60. In that assessment, Dr. Bellum opined that plaintiff could lift a maximum of ten pounds and no more than two pounds frequently. *See* AR 659. The ALJ gave little weight to Dr. Bellum's opinion because there was no evidence that explained the change in Dr. Bellum's opinion from his previous assessment in August of 2011. *See* AR 704. However, this reason is not supported by substantial evidence.

In October of 2011, plaintiff was treated at Yakima Valley Memorial Hospital because he reinjured his shoulder and was experiencing increased pain and reduced range of motion. *See* AR 596-99. He was prescribed pain medication and released with his arm in a splint and sling. *See* AR 598. Plaintiff next saw Dr. Bellum in March of 2012 because the pain had not subsided. *See* AR 661. On examination, Dr. Bellum found tenderness to palpitation in plaintiff's left shoulder with decreased range of motion. *See id*. In his report, Dr. Bellum showed awareness of plaintiff's history of surgeries and his most recent prescriptions for increased pain. *See id*. Dr. Bellum then completed the functional assessment on the same day as the visit. *See* AR 659-60. All of this evidence contradicts the ALJ's findings that there was no explanation for the change in Dr.

ORDER - 4

Bellum's opinions. *See* AR 704. Therefore, the ALJ provided no specific and legitimate reason supported by substantial evidence to discount Dr. Bellum's lifting restrictions.[4]

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ fully credited the opinion of Dr. Bellum, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, the error affected the ultimate disability determination and is not harmless.

### b. Dr. Riquelme and Dr. Prater

Plaintiff argues that the ALJ erred by failing to give a specific and legitimate reason supported by substantial evidence for discounting the opinions of treating physicians Jean M.

---

[4] The ALJ also noted that Dr. Bellum opined that plaintiff had manipulative limitations but did not further specify what they were. *See* AR 704. However, this reason for discounting Dr. Bellum's opinion only applies to the unspecified manipulative limitations; it cannot apply to the lifting restrictions to which Dr. Bellum specifically opined.

ORDER - 5

1  Riquelme, M.D., and Don Prater, PA-C. *See* Dkt. 12 at 14-15. The Court agrees.

2  In April of 2013, Dr. Riquelme stated that plaintiff had reached the "maximum surgical
3  benefit" and was considered to have a permanent partial disability. *See* AR 942. Dr. Riquelme
4  then completed a functional evaluation that limited plaintiff to sedentary work. *See* AR 996. On a
5  functional evaluation dated May 7, 2015, Dr. Prater opined that plaintiff was limited to sedentary
6  work. *See* AR 985. The ALJ gave little weight to the opinions of these treating physicians
7  because their evaluations "were only for the left shoulder condition, which would not account for
8  sedentary level standing and walking limitations." AR 709. The ALJ also found that the opinions
9  were not supported by treatment notes. *See id*. However, these reasons are not specific,
10 legitimate, and supported by substantial evidence.

11 First, that the evaluations did not account for standing and walking limitations is not a
12 legitimate reason to fail to incorporate the sedentary lifting and carrying restrictions into the
13 RFC.[5] Second, the ALJ noted that Dr. Prater wrote that plaintiff had normal range of motion and
14 muscle strength in one treatment note. *See* AR 709, 990. However, Dr. Prater separately
15 performed a range of joint motion evaluation, in which he specifically listed the several motions
16 for which plaintiff had less than full range. *See* AR 997-98. Dr. Prater then wrote in his
17 functional evaluation that objective testing showed plaintiff to have reduced range of motion and
18 decreased shoulder strength. *See* AR 995. It is not legitimate for the ALJ to discount the
19 provider's opinion based on one report when that report is inconsistent with the bulk of the
20 provider's findings, which support his opinion. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th
21 Cir. 2014) (ALJ may not cherry-pick statements from a doctor's report but must instead consider

---

[5] The ALJ restricted plaintiff to lifting 20 pounds occasionally and ten pounds frequently with the right arm, with the left arm used for assistance only. *See* AR 702. However, neither Dr. Prater nor Dr. Riquelme made this distinction. Both opined that plaintiff was able to lift no more than ten pounds at all. *See* AR 985, 996.

ORDER - 6

the entire context of the diagnosis and observations of impairment). Therefore, the ALJ provided no specific and legitimate reason supported by substantial evidence to discount Dr. Prater's and Dr. Riquelme's lifting restrictions.

Had the ALJ fully credited the opinions of Dr. Prater and Dr. Riquelme, the RFC would have included additional limitations, as would the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, the error affected the ultimate disability determination and is not harmless.

## II.     Remand for an Award of Benefits

Plaintiff alleges that the ALJ erred in several other areas, including evaluating other medical opinions, plaintiff's credibility, and plaintiff's severe impairments. *See* Dkt. 12. However, considering the ALJ's errors in evaluating the opinions of all of the treating physicians regarding plaintiff's physical capacity, the final question requiring resolution is whether the Court should, at its discretion, remand this case for further proceedings or for an award of benefits.

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Holohan v.*

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Here, the ALJ failed to provide legally sufficient reasons for discounting the opinions of three treating physicians. *See infra*, I. Plaintiff has already had two hearings before the ALJ, including one hearing after this Court ordered a remand of the first decision denying benefits. *See* AR 34-69, 720-59. Once again, the ALJ has failed to provide legally sufficient reasons to discount medical opinions in the record.

Second, there are no outstanding issues that must be resolved. All of plaintiff's treating physicians who offered an opinion on his physical functional capacities, from Dr. Bellum in 2012 to Dr. Riquelme in 2013 to Dr. Prater in 2015, indicated that he would only be able to perform lifting consistent with sedentary work. *See* AR 659, 985, 996. The only conflicting opinion, on which the ALJ relied in forming the RFC, was that of nonexamining physician Robert Hoskins, M.D., from May of 2011. *See* AR 103-13, 705. The ALJ found that this opinion was based on review of the record and consistent with the medical evidence. *See* AR 705. However, this opinion predates the relevant evidence in the record regarding plaintiff's lifting capacity and is inconsistent with the opinions of all treating physicians.

Third, crediting the opinions of the treating physicians as true, plaintiff would be required to be found disabled on remand as of his 50th birthday in 2012.[6] The ALJ found that plaintiff had limited education and no past relevant work. *See* AR 710-11. Therefore, if plaintiff is limited to

---

[6] In his briefing, plaintiff stated that he would consider a finding of disability as of his 50th birthday to be a fully favorable decision. *See* Dkt. 12 at 19.

ORDER - 8

sedentary work, he is presumptively disabled under grid rule 201.19. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.19; *see also Distasio v. Shalala*, 47 F.3d 348, 349-50 (9th Cir. 1995) (finding claimant closely approaching advanced age, with high school education, having no transferrable skills, and limited to sedentary work, should have been found disabled under Social Security Regulations).

Accordingly, the Court finds that the record has been fully developed in this case, and that remanding for further proceedings "would serve no further purpose." *Smolen*, 80 F.3d at 1292; *Holohan*, 246 F.3d at 1210. Indeed, allowing the Commissioner to decide these issues again "would create an unfair 'heads, we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) (noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings."). Because review of the record as a whole does not create serious doubt that plaintiff is disabled, the Court remands the case for an immediate award of benefits as of plaintiff's 50th birthday.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an immediate award of benefits.

DATED this 28th day of July, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER - 9